UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERWIN SAVOY, | No. 2:13-cv-0014 JAM AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| STAN SCHLACHTER, | |
| Defendant. | |

Plaintiff, a state prisoner, proceeds pro se and in forma pauperis with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Defendant Schlachter moves to dismiss the complaint pursuant to Rule 12(b)(6), or, in the alternative, for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  Defendant contends (1) the complaint fails to allege that plaintiff exhausted administrative remedies and therefore fails to state a claim; and (2) the complaint is so vague, ambiguous and unintelligible that defendant cannot reasonably prepare a response.  Plaintiff opposes the motion and defendant has replied.

***Allegations in the Amended Complaint***

At all times relevant, plaintiff was a disabled inmate incarcerated at Mule Creek State Prison ("MCSP") and defendant was employed as a physical therapist at MCSP. ECF No. 1 at 2. In 2011−2012, on two separate occasions, plaintiff was escorted by prison guards to defendant's office. Id.  While the guards waited outside, defendant "ordered Plaintiff to lay down on a

padded table. [Defendant] would then grab Plaintiff in the groin and buttocks areas and squeeze while he rubbed his penis on Plaintiff's head for about ten minutes." Id. Plaintiff asked defendant to stop; defendant replied "Shut up and lay there." Id. at 2−3. Plaintiff did not immediately report the assault because he feared retaliation. Id. at 3. In July 2012, after being told that defendant had been fired for sexually assaulting another inmate, plaintiff reported the sexual assault. Id.

### *Exhaustion of Administrative Remedies*

Pursuant to the Prison Litigation Reform Act ("PLRA"):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in a jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e (a); see also Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009); Brown v. Valoff, 422 F.3d 926, 934 (9th Cir. 2005) (quoting Porter v. Nussle, 534 U.S. 516, 525 n.4 (2002) (The PLRA "creates 'a general rule of exhaustion' for prisoner civil rights cases.").

Compliance with the exhaustion requirement is mandatory for any type of relief sought. Booth v. Churner, 532 U.S. 731, 739, 741 (2001) (holding that prisoners must exhaust their administrative remedies regardless of the relief they seek, i.e., whether injunctive relief or money damages, even though the latter is unavailable pursuant to the administrative grievance process); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); accord Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

The PLRA's exhaustion requirement is not jurisdictional; rather, it creates an affirmative defense that a defendant may raise in an unenumerated Rule 12(b) motion. See Jones, 549 U.S. at 213–14; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003). The defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. When a prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120.

////

In deciding a motion to dismiss for failure to exhaust, a court may "look beyond the pleadings and decide disputed issues of fact." Wyatt, 315 F.3d at 1119–20. Thus, the parties may go outside the pleadings, submitting affidavits or declarations under penalty of perjury, but plaintiff must be provided with notice of his opportunity to develop a record. Id. at 1120 n.14. Plaintiff was provided with such notice on January 31, 2013 and again contemporaneously with the filing of the motion to dismiss on June 10, 2013. ECF Nos. 9, 19. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012).

Here, defendant moves to dismiss the complaint for failure to exhaust under Rule 12(b)(6). Defendant asserts, first, that the complaint fails to allege that plaintiff exhausted administrative remedies before filing suit and therefore that the complaint fails to state a claim. Defendant is incorrect. "[I]nmates [asserting claims under section 1983] are not required to specially plead or demonstrate exhaustion in their complaints." Bock, 549 U.S. at 216.

Defendant next asserts the complaint should be dismissed because plaintiff has not provided documentary evidence that he exhausted administrative remedies through the third and final level of review in response to defendant's motion. Again, defendant is incorrect. Failure to exhaust is an affirmative defense under the PLRA and the defendant bears the burden of raising and proving the absence of exhaustion. Id.; see also Wyatt, 315 F.3d at 1119. Defendant has raised the issue of exhaustion, but has not proved the absence of exhaustion and has submitted no evidence in this regard. Plaintiff need not prove exhaustion simply because defendant raised the issue. In his reply brief, defendant quotes from the Wyatt warning issued to plaintiff, which states that a plaintiff must submit proof of specific facts regarding exhaustion. The quoted passage states, in a phrase highlighted by defendant, "If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion." ECF No. 27 at 2. Here, defendant presented no evidence regarding exhaustion, so plaintiff had no duty to produce contradictory evidence. See Wyatt, 315 F.3d at 1120 (reversing dismissal for nonexhaustion where defendants' evidence of nonexhaustion was insufficient); see also Albino v. Baca, 697 F.3d 1023, 1031 & n.5 (9th Cir. 2012) (burden shifts to plaintiff only after defendant demonstrates absence of exhaustion). For these reasons, defendant's motion to

dismiss brought under Rule 12(b)(6) for failure to exhaust should be denied.

### *Rule 8 Standard*

Defendant next asserts that the complaint does not provide a short and plain statement of the claim pursuant to Fed. R. Civ. P. 8.

Rule 8 requires a "short and plain statement" showing grounds for jurisdiction and that the pleader is entitled to relief. Fed. R. Civ. P. 8. A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, "[s]pecific facts are not necessary; the statement [of facts] need only give the defendant fair notice of what the… claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Erickson, 551 U.S. at 94.

Defendant contends the allegations in the complaint do not allow the court to draw the reasonable inference that defendant is liable for any misconduct alleged. ECF No. 19 at 7. The court does not understand this argument. Plaintiff has explicitly alleged that defendant sexually assaulted him in violation of the Eighth Amendment. See Wood v. Beauclair, 692 F.3d 1041, 1046 (9th Cir. 2012) ("Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment."). Plaintiff's allegations give defendant fair notice of the claim and the grounds upon which it rests. Dismissal is not warranted under Rule 12(b)(6).

### *Motion for More Definite Statement*

In the alternative to dismissal, defendant moves for an order requiring plaintiff to provide a more definite statement. The federal rules of civil procedure provide that "[a] party may move for a more definite statement of a pleading… which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted in order to frame a response. See Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981). The Court must deny the motion if the complaint is specific enough to notify defendant of the substance of

4

1  the claim being asserted.  See Bureerong v. Uvawas, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996).
2  The Court may also deny the motion if the detail sought by a motion for a more definite statement
3  is obtainable through the discovery process.  See Beery v. Hitachi Home Electronics (America),
4  Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993).

5      Again, plaintiff's complaint is not so vague or ambiguous that defendant cannot ascertain
6  its substance or reasonably prepare a response.  Contrary to defendant's assertion, plaintiff has
7  pleaded facts supporting his claim and those factual allegations are indeed comprehensible.
8  Although defendant further contends it is unclear whether the sexual assaults occurred within the
9  applicable statute of limitations, as plaintiff alleges that the assaults occurred on two occasions in
10 2011-2012, such information may be sought through the discovery process.  Because defendant
11 has fair notice of the claim and may seek additional information as to the timing of the alleged
12 assaults through the discovery process, the motion for a more definite statement should be denied.

13     *Conclusion*

14     In accordance with the above, IT IS RECOMMENDED that defendant's motion to
15 dismiss or, in the alternative, for a more definite statement (ECF No. 19) be denied.

16     These findings and recommendations are submitted to the United States District Judge
17 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
18 after being served with these findings and recommendations, any party may file written
19 objections with the court and serve a copy on all parties.  Such a document should be captioned
20 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
21 objections shall be filed and served within fourteen days after service of the objections.  The
22 parties are advised that failure to file objections within the specified time may waive the right to
23 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24 DATED: September 19, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:ls//savo0014.57

5