1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ERWIN SAVOY,                           No.  2:13-cv-00014 JAM AC P

12                 Plaintiff,

13         v.                                 FINDINGS & RECOMMENDATIONS

14    STAN SCHLACHTER,

15                 Defendant.

16

17         Plaintiff, a state prisoner, proceeds pro se and in forma pauperis with a civil rights

18    complaint filed pursuant to 42 U.S.C. § 1983.  This matter was referred to the undersigned by

19    Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Currently pending before the court are the

20    following motions filed by plaintiff:  (1) a motion for summary judgment, ECF No. 30; (2) a

21    motion for a temporary injunction, ECF No. 31; and (3) a motion for default judgment, ECF No.

22    42.  Defendant Schlacter has opposed the motion for summary judgment as well as the motion for

23    default judgment.  ECF Nos. 33, 43.  For the reasons discussed below, the undersigned

24    recommends that all pending motions be denied.

25    I.    Plaintiff's Motion for Summary Judgment.

26         At the outset, the court notes that plaintiff's motion consists of one paragraph of text and

27    two exhibits.  ECF No. 30.  Plaintiff has failed to comply with Rule 56(c) of the Federal Rules of

28    Civil Procedure by not including any statement of undisputed facts.  Id.; see also Local Rule

1

260(a).  The only purported basis for the motion is plaintiff's irritation with a specific

interrogatory response by defendant.  This motion in no way, shape, or form complies with Rule

56 of the Federal Rules of Civil Procedure or Local Rule 260.  Plaintiff has failed to make any

good-faith effort to identify the claim on which summary judgment is sought.  See Fed. R. Civ. P.

56.  He merely states that based on "[t]he exhibits you will see that the defendant did actually

evaluate me."  ECF No. 30 at 1.  Even assuming arguendo that there is no genuine dispute as to

that material fact, plaintiff would not be entitled to summary judgment because that fact, in and of

itself, does not establish an Eighth Amendment violation by defendant.  Due to these deficiencies

in plaintiff's motion, the undersigned recommends denying the motion without prejudice to the

filing of a procedurally correct motion.

II.      Plaintiff's Motion for Temporary Injunction.

        In his cursory one page motion, plaintiff requests that the court issue an injunction

preventing Mule Creek State Prison from transferring him because it would interfere with the

pending litigation since plaintiff depends on other inmates for help.  ECF No. 31 at 1.  The court

notes that this motion was filed on October 17, 2013 and, to date, plaintiff has not filed a change

of address indicating that he has been transferred out of Mule Creek State Prison.

        The purpose in issuing a temporary restraining order is to preserve the status quo pending

a fuller hearing.  See generally Fed.R.Civ.P. 65; see also E.D. Cal. Local Rule 231(a).  The

standards governing the issuance of temporary restraining orders are "substantially identical" to

those governing the issuance of preliminary injunctions.  Stuhlbarg Intern. Sales Co., Inc. v. John

D. Brushy and Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  In general, a plaintiff in a civil

case seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to

suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

favor, and that an injunction is in the public interest."  Am. Trucking Ass'n, Inc. v. City of Los

Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc.,

555 U.S. 7, 20 (2008)).  A TRO is "an extraordinary remedy that may only be awarded upon a

clear showing that the plaintiff is entitled to such relief."  Winter, 555 U.S. at 22.

        As a threshold matter, convicted prisoners have no reasonable expectation that they will

2

1  remain in any particular facility, and prison officials have broad authority to transfer prisoners

2  from one facility to another.  See Meachum v. Fano, 427 U.S. 215 (1976); Montanye v. Haymes,

3  427 U.S. 236 (1976).  "[A] prisoner's liberty interests are sufficiently extinguished by his

4  conviction that the state may generally confine or transfer him to any of its institutions, indeed,

5  even to a prison in another state, without offending the Constitution."  Bravo v. Hewchuck, 2006

6  WL 3618023, *1 (N.D.Cal. 2006) (citations omitted).

7  　　　　Additionally, the federal courts are generally loath to interfere with internal discipline in

8  federal or state prisons.  Winsby v. Walsh, 321 F. Supp. 523, 526 (C.D. Cal. 1971).  In general,

9  prison officials' housing and classification decisions do not implicate a prisoner's constitutional

10  rights. See Board of Regents v. Roth, 408 U.S. 564, 569 (1972).  Nor does the Constitution

11  guarantee a prisoner placement in a particular prison or protect an inmate against being

12  transferred from one institution to another.  Meachum v. Fano, 427 U.S. at 223–225.

13  　　　　Other than asking for relief, plaintiff fails to demonstrate that he is likely to succeed on the

14  merits, that he is likely to suffer any irreparable injury absent such relief, that the balance of the

15  equities tips in his favor, or that an injunction is in the public interest.  See Am. Trucking, 559

16  F.3d at 1052.  Due to these deficiencies with plaintiff's motion, he has failed to demonstrate that

17  injunctive relief is warranted.  For all these reasons, the undersigned recommends that plaintiff's

18  motion for a temporary injunction be denied.  ECF No. 31.

19  III.　　Plaintiff's Motion for Default Judgment.

20  　　　　In yet another cursory motion, styled as a "motion for default," plaintiff appears to object

21  to the discovery process.  ECF No. 42 at 1.  He argues that defendant has "failed to follow the

22  rules of court… [by failing to] motion the court for permission to start discovery."  Id.  However,

23  a discovery and scheduling order was entered by the court on December 13, 2013, requiring the

24  parties to complete discovery by April 18, 2014.  See ECF No. 41 at 5.  Said order also cautioned

25  the parties not to file discovery requests with the court pursuant to the Local Rules.  See L.R.

26  250.2(c), 250.3(c), 250.4(c).  The court notes that plaintiff attached the defendant's discovery

27  requests along with his responses to his motion for default.  ECF No. 42 at 3-60.  Plaintiff is

28  cautioned that even though he is pro se he is still compelled to follow the Local Rules as well as

3

1   the Rules of Civil Procedure governing this action.  The undersigned recommends denying this

2   motion as there is no legal or factual basis upon which to grant it.

3          The court also recommends denying defendant's motion for monetary sanctions in the

4   amount of $752.00 against plaintiff to recompense their time in responding to his "frivolous and

5   baseless motion."  See ECF No. 43 at 7.  Not only is trying to enforce a monetary judgment

6   against a pro se prisoner a futile act, but the amount of time expended, and therefore money

7   damages sought, is absurd.  See ECF No. 43-1 at 1-2 (contending that an associate spent 3.2 hours

8   reviewing and responding to the motion for default).  If plaintiff's motion is as baseless as

9   defendant and the court find it to be, then a response was not even necessary.  The fact that

10  defense counsel not only chose to respond to the motion, but to expend multiple hours generating

11  an opposition, does not create a burden which this court will shift back to the plaintiff.

12         This court's docket is already over-burdened with the heaviest caseload in the country.

13  Both parties to this action are counseled against filing motions that waste the court's precious

14  time and resources.  Additionally, in light of plaintiff's seriatim filing of meritless motions, he is

15  cautioned that repeated future filings will subject him to sanctions as an abuse of process.

16         IT IS HEREBY RECOMMENDED that:

17         1.  Plaintiff's motion for summary judgment (ECF No. 30) be denied;

18         2.  Plaintiff's motion for a temporary injunction (ECF No. 31) be denied;

19         3.  Plaintiff's motion for default judgment (ECF No. 42) also be denied; and,

20         4.  Plaintiff be instructed that any future seriatim filings of meritless motions will subject

21  him to sanctions as an abuse of process.

22         These findings and recommendations are submitted to the United States District Judge

23  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

24  after being served with these findings and recommendations, any party may file written

25  objections with the court and serve a copy on all parties.  Such a document should be captioned

26  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

27  objections shall be served and filed within fourteen days after service of the objections.  The

28  parties are advised that failure to file objections within the specified time may waive the right to

1  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2  DATED: March 10, 2014

3

   ALLISON CLAIRE
4  UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28