UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERWIN SAVOY,<br><br>        Plaintiff,<br><br>    v.<br><br>STAN SCHLACHTER,<br><br>        Defendant. | No. 2:13-cv-00014 JAM AC P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Plaintiff Erwin Savoy was a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

I. <u>Factual and Procedural Background</u>

The undersigned issued Findings and Recommendations on March 11, 2014 regarding plaintiff's motions for summary judgment, default judgment, and a temporary injunction. ECF No. 44. A week later, on March 18, 2014, Alonzo Joseph, a fellow prisoner, notified the court that plaintiff was deceased. ECF No. 45. After being ordered to determine whether plaintiff was in fact deceased, defendant filed a notice of suggestion of plaintiff's death on the record on March 26, 2014, and on April 22, 2014, defendant served the notice on plaintiff's successor, Nyla Waddell. ECF Nos. 47, 48.

II. <u>Motion to Substitute</u>

Plaintiff's mother and next of kin, Nyla Waddel, filed a motion to authorize Alonzo

1   Joseph, an inmate at Mule Creek State Prison, to continue the instant civil rights lawsuit. ECF
2   No. 49.  In this one page motion, Mrs. Waddell purports to authorize Mr. Joseph to continue what
3   her son started.  Id. at 1.  However, there is no evidence tendered by Mrs. Waddell establishing
4   Mr. Joseph's status as plaintiff's successor in interest or his legal representative.  Nor is there any
5   request by Mrs. Waddell to be substituted as the plaintiff in the instant action.
6       In opposition, defendant asserts that Mr. Joseph is not a proper party to this action.  ECF
7   No. 50 at 1.  To the extent that Mrs. Waddel may be seeking to be substituted as plaintiff of
8   record and to have Mr. Joseph act on her behalf in this matter, such an arrangement is not
9   permitted.  Id. at 2.  Mrs. Waddell may either proceed pro se or hire an attorney to prosecute this
10  action.  However, according to defendant, she is not permitted to be represented by a prisoner
11  with no legal training or education.  Id.
12  III.    Legal Standards and Analysis
13      Rule 25(a)(1) governs the issue of substitution, and it provides that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

18  Fed.R.Civ.P. 25(a)(1).  In deciding a motion to substitute under Rule 25(a)(1), a court must
19  consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the
20  person being substituted is a proper party.  Id.  If Rule 25(a) (1) is met, "[t]he substituted party
21  steps into the same position as [the] original party." Hilao v. Estate of Marcos, 103 F.3d 762, 766
22  (9th Cir. 1996).  The court will address each of these factors in turn.
23      First, plaintiff's motion for substitution was filed within 90 days of the statement noting
24  death, and is therefore timely.
25      In general, the law of the forum state determines whether a section 1983 action survives or
26  is extinguished upon the death of a party.  See 42 U.S.C. § 1988(a); Robertson v. Wegmann, 436
27  U.S. 584, 592 (1978).  In California, "a cause of action for or against a person is not lost by
28  reason of the person's death, but survives subject to the applicable limitations period." Cal. Code

2

1 | Civ. Proc. § 377.20(a).  Accordingly, the court may order substitution of a "proper party" to stand
2 | in the place of the deceased plaintiff. Fed. R. Civ. P 25(a)(1); <u>Sinito v. U.S. Dep't of Justice</u>, 176
3 | F.3d 512, 516 (D.C.Cir. 1999).
4 |     The court must now determine whether Alonzo Joseph is a proper party for substitution.
5 | Rule 25(a)(1) requires evidence that Mr. Joseph is decedent's successor in interest or legal
6 | representative.  <u>See</u> <u>Hilao</u>, 103. F.3d at 766 (applying Rule 25(a)(1) to the legal representatives of
7 | the deceased's estate); <u>Mallonee v. Fahey</u>, 200 F.2d 918, 919 (9th Cir. 1952) ("It is plain ... that
8 | Rule 25(a)(1) applies only to the substitution of legal representatives.  That is not only clear from
9 | its history; it is implicit in the wording of the provision and in the cases construing it." (footnote
10 | omitted)).  There is simply no evidence before the court demonstrating that Alonzo Joseph is
11 | decedent's successor in interest or legal representative in satisfaction of Rule 25(a)(1).
12 | Accordingly, the undersigned recommends denying the motion to substitute.
13 |     Accordingly IT IS ORDERED that:
14 |     1.  The Findings and Recommendations issued on March 11, 2014 (ECF No. 44) are
15 | hereby vacated; and,
16 |     2.  The Clerk of Court serve a copy of this order and all subsequent orders on Nyda
17 | Waddel, 206 Roanoke Road, Apt. 8, El Cajon, California 92020.
18 |     IT IS HEREBY RECOMMENDED that:
19 |     1.  Plaintiff's motion to substitute (ECF No. 49) be denied;
20 |     2.  This civil action be dismissed; and
21 |     3.  All pending motions and dates be vacated.
22 |     These findings and recommendations are submitted to the United States District Judge
23 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
24 | after being served with these findings and recommendations, any party may file written
25 | objections with the court and serve a copy on all parties.  Such a document should be captioned
26 | "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
27 | objections shall be served and filed within fourteen days after service of the objections.  **Due to**
28 | **exigencies in the court's calendar, there will be no extensions of time granted.**  The parties

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 24, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE